UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES ANTHONY JOHNSON**  DOC # 125794 | : | **DOCKET NO. 17-cv-1431**  **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **JAMES M. LEBLANC** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 4] filed pursuant to 42 U.S.C. § 1983 by James Anthony Johnson. Johnson is an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("LADPSC") and is currently incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, we determine that the matter fails to state a claim on which relief may be granted. Accordingly, **IT IS RECOMMENDED** that the suit be **DISMISSED WITHOUT PREJUDICE** to Johnson pursuing his claims through a properly filed petition for writ of habeas corpus.

**I.**
**BACKGROUND**

Johnson brings this suit to challenge the manner in which the LADPSC is calculating his sentence. Doc. 4. He alleges that the LADPSC failed to properly compute his good time credits and reduce his sentence, took his incentive wages without awarding him good time, and told him

he would be forced onto parole or parole-like conditions while also being required to pay the associated fees. *Id.* at 3–4. He alleges that these conditions would also add more time to his sentence. *Id.* In essence, Johnson appears to complain that he is only being offered parole rather than diminution of sentence and/or immediate release from prison. Accordingly, he alleges that he has been held for six years over his release date and now seeks a full pardon as well as monetary relief. *Id.* at 5.

## II.
## LAW & ANALYSIS

### A. Frivolity Review

Johnson has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws

of the United States. 42 U.S.C. § 1983. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. Application

A civil rights suit "is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Cook v. Texas Dep't of Criminal Justice Trans. Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). An application for writ of *habeas corpus*, on the other hand, is the appropriate means for a prisoner to challenge the fact or duration of confinement, by seeking immediate or speedier release from custody. *See Preiser v. Rodriguez*, 93 S.Ct. 1827, 1840–41 (1973); *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987). In other words, the proper vehicle is a civil rights suit **only** if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Here Johnson alleges that he is entitled to speedier or automatic release from custody. Accordingly, his claims should be brought in a habeas petition.

Additionally, Johnson's claim for monetary relief cannot be severed and maintained in a civil rights action, as the claim implies the invalidity of his present incarceration. Such a claim is thus barred under *Heck v. Humphrey*, 114 S.Ct. 2364 (1994), and remains the exclusive domain of habeas. *Wilkinson v. Dotson*, 125 S.Ct. 1242, 1247–48 (2005).

### III.
### CONCLUSION

For reasons stated above, Johnson fails to state a claim on which relief may be granted in the present action. Accordingly, **IT IS RECOMMENDED** that this matter be **DISMISSED**,

pursuant to § 1915(e)(2)(B)(ii), but that such dismissal be made **WITHOUT PREJUDICE** to Johnson pursuing his claims through a properly filed petition for writ of habeas corpus.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 2nd day of January, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE